O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROY LEE DOSS,                          ) NO. CV 12-5448-MMM (MAN)
                                       )
                Petitioner,            )
                                       )
     v.                                ) ORDER:  DISMISSING PETITION
                                       ) AS SECOND OR SUCCESSIVE; AND
VYLMAR SINGH,                          ) DENYING A CERTIFICATE OF
                                       ) APPEALABILITY
                Respondent.            )
_____)

     Petitioner, a California state prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254, on June 22, 2012 ("Petition").  The Petition is the sixth Section 2254 petition Petitioner has filed in this Court stemming from his 1979 state court conviction and sentence.

     Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a state prisoner must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth below, it plainly appears that the Petition must be dismissed as second or successive pursuant to 28 U.S.C. § 2244(b).

1                              **PRIOR PROCEEDINGS**

2

3          In 1979, Petitioner was convicted of rape in concert with the use

4   of a firearm, forcible oral copulation, robbery, and kidnapping for the

5   purpose of robbery (the "Conviction"), and he received a sentence that

6   included an indeterminate term (the "Sentence"). (Petition at 1.)[1]  On

7   May 16, 2002, Petitioner filed a Section 2254 petition in this Court,

8   captioned <u>Roy Lee Doss v. D.K. Butler</u>, Case No. CV 02-3967-MMM (MAN)

9   (the "First Petition").   The First Petition challenged Petitioner's

10  Conviction and Sentence based on claims of prosecutorial misconduct,

11  ineffective assistance of trial and appellate counsel, and sentencing

12  errors.   With respect to the asserted sentencing errors, Petitioner

13  complained, *inter alia*, that:   with respect to the kidnapping

14  conviction,   the   permissible   maximum   sentence   was   life   with   the

15  possibility   of   parole,   and   the   trial   court   erred   by   sentencing

16  Petitioner to a term of "natural life" for that crime; the trial court

17  erred, under California Penal Code § 654, with respect to the multiple

18  sentences imposed; and the trial court had failed to issue a corrected

19  abstract   of   judgment   that   clarified   the   sentences   imposed.   (First

20  Petition at 6; attachment at 1-3; and attached California Supreme Court

21  habeas petition at 3 and attachment at 2.)   On December 2, 2002,

22  Judgment   was   entered   dismissing   the   First   Petition   action,   with

23  prejudice, on the ground that it was untimely by over five years.

24  _____

25         [1]      As discussed *infra*, Petitioner has filed numerous habeas
    actions in this Court.   Pursuant to Rule 201 of the Federal Rules of
26  Evidence, the Court has taken judicial notice of its records and files
    in each of Petitioner's actions, some of which include more detailed
27  information and records than have been provided by Petitioner in the
    instant action, as well as the electronic dockets for Petitioner's
28  proceedings in the United States Court of Appeals for the Ninth Circuit,
    which are available through the PACER system.

1  Petitioner's appeal was unsuccessful, as the Ninth Circuit denied his

2  request for a certificate of appealability on April 21, 2003, and the

3  mandate issued on May 6, 2003.

4

5  Five years later, Petitioner filed a second Section 2254 habeas

6  petition in the United States District Court for the Eastern District of

7  California, which was transferred to this district and filed on July 28,

8  2008.  That petition was captioned <u>Roy Lee Doss v. James D. Hartley</u>, CV

9  08-4916-MMM (MAN) (the "Second Petition").  The Second Petition also

10 attacked the validity of Petitioner's Sentence.  On September 15, 2008,

11 the Second Petition action was dismissed without prejudice on the ground

12 that the Second Petition was second or successive, within the meaning of

13 28 U.S.C. § 2244(b), and Petitioner had not obtained leave from the

14 Ninth Circuit to file it.  Petitioner did not appeal.

15

16 On November 5, 2008, Petitioner filed a third Section 2254 habeas

17 petition in this district, which was captioned <u>Roy Lee Doss v. James D.</u>

18 <u>Hartley</u>, CV 08-7337-MMM (MAN) (the "Third Petition").   The Third

19 Petition also attacked the validity of Petitioner's Sentence.   On

20 January 13, 2009, the Third Petition action was dismissed without

21 prejudice  on  the  ground  that  the  Third  Petition  was  second  or

22 successive, within the meaning of 28 U.S.C. § 2244(b), and Petitioner

23 had not obtained leave from the Ninth Circuit to file it.  Petitioner

24 did not appeal.

25

26 While the Third Petition action was pending, Petitioner filed a

27 fourth  Section  2254  habeas  petition  in  this  district,  which  was

28 captioned <u>Roy Lee Doss v. James D. Hartley</u>, CV 08-8240-MMM (MAN) (the

1    "Fourth Petition"). The Fourth Petition again attacked the validity of

2    Petitioner's Sentence. Grounds Two and Three of the Fourth Petition

3    raised claims that were alleged in the First, Second, and Third

4    Petitions and previously dismissed for untimeliness and/or as second or

5    successive. Ground One of the Fourth Petition challenged the May 9,

6    2007 decision of the Board of Parole Hearings ("Board"), which found

7    Petitioner unsuitable for parole, and alleged that Petitioner was

8    deprived of due process because the Board "relied entirely" on the

9    circumstances of the underlying offense and failed to conduct a

10   balancing analysis. (Fourth Petition at 5 and attached page.) On

11   January 13, 2009, District Judge Morrow dismissed Grounds One and Two of

12   the Fourth Petition without prejudice, because they were second or

13   successive and Petitioner had failed to obtain leave to bring them from

14   the Ninth Circuit. By Order and Judgment entered on April 6, 2011,

15   District Judge Morrow denied Ground Three of the Fourth Petition with

16   prejudice, and the case was dismissed. Petitioner did not appeal.

17

18       On August 10, 2011, Petitioner filed a fifth Section 2254 habeas

19   petition in this district, which was captioned Roy Lee Doss v. James D.

20   Hartley, CV 11-6574-MMM (MAN) (the "Fifth Petition"). The Fifth

21   Petition, through Ground Four, attacks the validity of Petitioner's

22   Conviction and Sentence, and through Grounds One through Three, asserts

23   various parole-related claims. The United States Magistrate Judge has

24   recommended that the Fifth Petition be denied and dismissed, including

25   on the ground, *inter alia*, that certain of the claims alleged are second

26   or successive.

27

28

**THE PRESENT PETITION**

The instant Petition presents five habeas claims. Ground One alleges that the trial court erred in sentencing Petitioner to a term of "natural life" and, further, committed error under California Penal Code § 654. (Petition at 5.) Ground Two alleges that Petitioner's trial counsel provided ineffective assistance by failing to contest the above asserted sentencing errors. (*Id.*) Ground Three alleges that the trial judge committed judicial misconduct through the above asserted sentencing errors. (*Id.* at 5-6.) Ground Four alleges that the prosecutor committed misconduct by allowing these same asserted sentencing errors to "go uncontested." (*Id.* at 6.) Ground Five alleges that Petitioner's appellate counsel provided ineffective assistance by failing to raise the above four claims, as well as by failing to forward the trial transcripts to Petitioner, which deprived him of his chance to "Appeal earlier." (*Id.*)

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section

5

1  2254 petition.  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

2

3      In those instances in which Section 2244(b) provides a basis for

4  pursuing a second or successive Section 2254 habeas petition, state

5  habeas petitioners seeking relief in this district court must first

6  obtain authorization from the Ninth Circuit before filing any such

7  second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth

8  Circuit "may authorize the filing of the second or successive [petition]

9  only if it presents a claim not previously raised that satisfies one of

10 the two grounds articulated in § 2242(b)(2)."  Burton v. Stewart, 549

11 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

12

13     In the First Petition action, Petitioner sought Section 2254 relief

14 based on the same state court Conviction and Sentence challenged in this

15 action.  Moreover, the claims alleged in the instant Petition *were*

16 raised in the First Petition action found to be untimely, as well as in

17 his subsequent Section 2254 actions described above and dismissed as

18 second or successive.  The untimeliness of the First Action petition

19 "presents a 'permanent and incurable' bar to federal review," and thus,

20 the dismissal of the First Action "constitutes a disposition on the

21 merits" for purposes of Section 2244(b).  McNabb, 576 F.3d at 1029-30

22 (citation omitted).  The claims raised in the present Petition attacking

23 Petitioner's Conviction and Sentence, therefore, are second or

24 successive within the meaning of Section 2244(b).  *See id.* (holding

25 "that dismissal of a section 2254 habeas petition for failure to comply

26 with the statute of limitations renders subsequent petitions second or

27 successive for purposes of" Section 2244(b)); *in accord* Murray v.

28 Greiner, 394 F.3d 78, 79 (2d Cir. 2005); Altman v. Benik, 337 F.3d 764,

1   766 (7th Cir. 2003).

2

3       Critically, Petitioner has not obtained permission from the Ninth

4   Circuit to bring these second or successive claims, as required by

5   Section 2244(b)(3).[2]   Permission to file a second or successive petition

6   may be granted only if Petitioner makes a *prima facie* showing that:  (1)

7   the claim relies on a new, and previously unavailable, rule of

8   constitutional law, which the Supreme Court has ordered be made

9   retroactive to collateral proceedings; or (2) the factual predicate of

10  the claim could not have been discovered earlier through the exercise of

11  due diligence, <u>and</u> the facts alleged, if proven, would be sufficient to

12  establish by clear and convincing evidence that, but for the

13  constitutional error claimed, no reasonable fact-finder would have found

14  Petitioner guilty.  *See* 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C); <u>McNabb</u>,

15  576 F.3d at 1030.  To pursue a Section 2254 habeas action attacking his

16  1979 Conviction and/or sentence, Petitioner must persuade the Ninth

17  Circuit that at least one of these predicates exists for any claim he

18  now wishes to raise.  It is difficult to see how Petitioner will be able

19  to satisfy Section 2244(b)'s requirements.[3]

20

21      As Petitioner has not obtained permission from the Ninth Circuit to

22  bring a second or successive petition, the instant Petition must be

23

24      [2]    The Court's PACER review shows that Petitioner has brought
    only two proceedings in the Ninth Circuit:  (1) his unsuccessful appeal
    of the Judgment dismissing the First Petition action with prejudice,
25  based on untimeliness; and (2) an application for leave to file a second
    or successive petition filed on October 14, 2008 (No. 08-74308), which
26  the Ninth Circuit denied on December 3, 2008.

27      [3]    Given the untimeliness of the First Petition action, it
    appears likely, if not certain, that the instant Petition also would be
28  found untimely if the Court had jurisdiction to consider it.

1 dismissed, because this Court lacks jurisdiction to consider it. 28

2 U.S.C. § 2244(b); *see also* <u>Burton</u>, 549 U.S. at 157, 127 S. Ct. at 799

3 (district court lacks jurisdiction to consider the merits of a second or

4 successive petition absent prior authorization from the circuit court).

5 Accordingly, IT IS ORDERED that Judgment be entered dismissing this

6 action without prejudice.

7

8       In addition, pursuant to Rule 11(a) of the Rules Governing Section

9 2254 Cases in the United States District Courts, the Court has

10 considered whether a certificate of appealability is warranted in this

11 case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-

12 85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a

13 certificate of appealability is unwarranted, and thus, a certificate of

14 appealability is DENIED.

15

16       IT IS SO ORDERED.

17

18 DATED:  April 23, 2013.

19

20                                          MARGARET M. MORROW
                                    UNITED STATES DISTRICT JUDGE

21

22 PRESENTED BY:

23

24
      MARGARET A. NAGLE

25 UNITED STATES MAGISTRATE JUDGE

26

27

28

8