O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY LEE DOSS,<br><br>           Petitioner,<br><br>  v.<br><br>VYLMAR SINGH,<br><br>           Respondent.<br>_____ | NO. CV 12-5448-MMM (MAN)<br><br>ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; AND DENYING A CERTIFICATE OF APPEALABILITY |

Petitioner, a California state prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254, on June 22, 2012 ("Petition"). The Petition is the sixth Section 2254 petition Petitioner has filed in this Court stemming from his 1979 state court conviction and sentence.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a state prisoner must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, it plainly appears that the Petition must be dismissed as second or successive pursuant to 28 U.S.C. § 2244(b).

**PRIOR PROCEEDINGS**

In 1979, Petitioner was convicted of rape in concert with the use of a firearm, forcible oral copulation, robbery, and kidnapping for the purpose of robbery (the "Conviction"), and he received a sentence that included an indeterminate term (the "Sentence"). (Petition at 1.)[1] On May 16, 2002, Petitioner filed a Section 2254 petition in this Court, captioned Roy Lee Doss v. D.K. Butler, Case No. CV 02-3967-MMM (MAN) (the "First Petition"). The First Petition challenged Petitioner's Conviction and Sentence based on claims of prosecutorial misconduct, ineffective assistance of trial and appellate counsel, and sentencing errors. With respect to the asserted sentencing errors, Petitioner complained, *inter alia*, that: with respect to the kidnapping conviction, the permissible maximum sentence was life with the possibility of parole, and the trial court erred by sentencing Petitioner to a term of "natural life" for that crime; the trial court erred, under California Penal Code § 654, with respect to the multiple sentences imposed; and the trial court had failed to issue a corrected abstract of judgment that clarified the sentences imposed. (First Petition at 6; attachment at 1-3; and attached California Supreme Court habeas petition at 3 and attachment at 2.) On December 2, 2002, Judgment was entered dismissing the First Petition action, with prejudice, on the ground that it was untimely by over five years.

---

[1] As discussed *infra*, Petitioner has filed numerous habeas actions in this Court. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files in each of Petitioner's actions, some of which include more detailed information and records than have been provided by Petitioner in the instant action, as well as the electronic dockets for Petitioner's proceedings in the United States Court of Appeals for the Ninth Circuit, which are available through the PACER system.

Petitioner's appeal was unsuccessful, as the Ninth Circuit denied his request for a certificate of appealability on April 21, 2003, and the mandate issued on May 6, 2003.

Five years later, Petitioner filed a second Section 2254 habeas petition in the United States District Court for the Eastern District of California, which was transferred to this district and filed on July 28, 2008. That petition was captioned <u>Roy Lee Doss v. James D. Hartley</u>, CV 08-4916-MMM (MAN) (the "Second Petition"). The Second Petition also attacked the validity of Petitioner's Sentence. On September 15, 2008, the Second Petition action was dismissed without prejudice on the ground that the Second Petition was second or successive, within the meaning of 28 U.S.C. § 2244(b), and Petitioner had not obtained leave from the Ninth Circuit to file it. Petitioner did not appeal.

On November 5, 2008, Petitioner filed a third Section 2254 habeas petition in this district, which was captioned <u>Roy Lee Doss v. James D. Hartley</u>, CV 08-7337-MMM (MAN) (the "Third Petition"). The Third Petition also attacked the validity of Petitioner's Sentence. On January 13, 2009, the Third Petition action was dismissed without prejudice on the ground that the Third Petition was second or successive, within the meaning of 28 U.S.C. § 2244(b), and Petitioner had not obtained leave from the Ninth Circuit to file it. Petitioner did not appeal.

While the Third Petition action was pending, Petitioner filed a fourth Section 2254 habeas petition in this district, which was captioned <u>Roy Lee Doss v. James D. Hartley</u>, CV 08-8240-MMM (MAN) (the

"Fourth Petition"). The Fourth Petition again attacked the validity of Petitioner's Sentence. Grounds Two and Three of the Fourth Petition raised claims that were alleged in the First, Second, and Third Petitions and previously dismissed for untimeliness and/or as second or successive. Ground One of the Fourth Petition challenged the May 9, 2007 decision of the Board of Parole Hearings ("Board"), which found Petitioner unsuitable for parole, and alleged that Petitioner was deprived of due process because the Board "relied entirely" on the circumstances of the underlying offense and failed to conduct a balancing analysis. (Fourth Petition at 5 and attached page.) On January 13, 2009, District Judge Morrow dismissed Grounds One and Two of the Fourth Petition without prejudice, because they were second or successive and Petitioner had failed to obtain leave to bring them from the Ninth Circuit. By Order and Judgment entered on April 6, 2011, District Judge Morrow denied Ground Three of the Fourth Petition with prejudice, and the case was dismissed. Petitioner did not appeal.

On August 10, 2011, Petitioner filed a fifth Section 2254 habeas petition in this district, which was captioned Roy Lee Doss v. James D. Hartley, CV 11-6574-MMM (MAN) (the "Fifth Petition"). The Fifth Petition, through Ground Four, attacks the validity of Petitioner's Conviction and Sentence, and through Grounds One through Three, asserts various parole-related claims. The United States Magistrate Judge has recommended that the Fifth Petition be denied and dismissed, including on the ground, *inter alia*, that certain of the claims alleged are second or successive.

**THE PRESENT PETITION**

The instant Petition presents five habeas claims. Ground One alleges that the trial court erred in sentencing Petitioner to a term of "natural life" and, further, committed error under California Penal Code § 654. (Petition at 5.) Ground Two alleges that Petitioner's trial counsel provided ineffective assistance by failing to contest the above asserted sentencing errors. (*Id.*) Ground Three alleges that the trial judge committed judicial misconduct through the above asserted sentencing errors. (*Id.* at 5-6.) Ground Four alleges that the prosecutor committed misconduct by allowing these same asserted sentencing errors to "go uncontested." (*Id.* at 6.) Ground Five alleges that Petitioner's appellate counsel provided ineffective assistance by failing to raise the above four claims, as well as by failing to forward the trial transcripts to Petitioner, which deprived him of his chance to "Appeal earlier." (*Id.*)

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section

2254 petition. <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances in which Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

In the First Petition action, Petitioner sought Section 2254 relief based on the same state court Conviction and Sentence challenged in this action. Moreover, the claims alleged in the instant Petition *were* raised in the First Petition action found to be untimely, as well as in his subsequent Section 2254 actions described above and dismissed as second or successive. The untimeliness of the First Action petition "presents a 'permanent and incurable' bar to federal review," and thus, the dismissal of the First Action "constitutes a disposition on the merits" for purposes of Section 2244(b). <u>McNabb</u>, 576 F.3d at 1029-30 (citation omitted). The claims raised in the present Petition attacking Petitioner's Conviction and Sentence, therefore, are second or successive within the meaning of Section 2244(b). *See id.* (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of" Section 2244(b)); *in accord* <u>Murray v. Greiner</u>, 394 F.3d 78, 79 (2d Cir. 2005); <u>Altman v. Benik</u>, 337 F.3d 764,

1  766 (7th Cir. 2003).

3      Critically, Petitioner has not obtained permission from the Ninth Circuit to bring these second or successive claims, as required by Section 2244(b)(3).[2] Permission to file a second or successive petition may be granted only if Petitioner makes a *prima facie* showing that: (1) the claim relies on a new, and previously unavailable, rule of constitutional law, which the Supreme Court has ordered be made retroactive to collateral proceedings; or (2) the factual predicate of the claim could not have been discovered earlier through the exercise of due diligence, <u>and</u> the facts alleged, if proven, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error claimed, no reasonable fact-finder would have found Petitioner guilty. *See* 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C); <u>McNabb</u>, 576 F.3d at 1030. To pursue a Section 2254 habeas action attacking his 1979 Conviction and/or sentence, Petitioner must persuade the Ninth Circuit that at least one of these predicates exists for any claim he now wishes to raise. It is difficult to see how Petitioner will be able to satisfy Section 2244(b)'s requirements.[3]

    As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, the instant Petition must be

---

[2] The Court's PACER review shows that Petitioner has brought only two proceedings in the Ninth Circuit: (1) his unsuccessful appeal of the Judgment dismissing the First Petition action with prejudice, based on untimeliness; and (2) an application for leave to file a second or successive petition filed on October 14, 2008 (No. 08-74308), which the Ninth Circuit denied on December 3, 2008.

[3] Given the untimeliness of the First Petition action, it appears likely, if not certain, that the instant Petition also would be found untimely if the Court had jurisdiction to consider it.

dismissed, because this Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that Judgment be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED:  April 23, 2013.

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE